Filed 9/13/16  P. v. Murray CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C080207 |
| Plaintiff and Respondent, | (Super. Ct. No. 62-125757) |
| v. | |
| MANUEL OLALDE MURRAY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Manuel Olalde Murray has filed an opening brief that sets forth the facts of the case and asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

**BACKGROUND**

Because the matter was resolved by plea, our statement of facts is taken from the probation report.

1

On October 11, 2013, defendant's ex-wife called the police and reported that he was attempting to break into her apartment. When police officers contacted defendant's ex-wife, she explained that defendant had jumped her backyard fence and began banging on her sliding glass door. She further explained that defendant threatened to kill her, and that she fled her apartment with her two children when defendant kicked the front door open. About a week later, defendant was arrested and taken into custody.

On January 29, 2014, defendant pleaded no contest to making a criminal threat (Pen. Code, § 422)[1] and misdemeanor vandalism (§ 594, subd. (b)(1)). On February 26, 2014, the trial court sentenced defendant to state prison for two years, suspended execution of sentence, and placed defendant on formal probation for a term of five years with the condition he serve 120 days in county jail.

On June 10, 2015, a first amended petition for revocation of probation was filed, alleging that defendant admitted to using methamphetamine, tested positive for using methamphetamine twice, and committed several new violations of the law. On June 22, 2015, a second petition for revocation was filed, alleging that defendant had violated several provisions of the Vehicle Code.

Following a contested hearing on the first amended petition on June 26, 2015, the trial court found that defendant had violated the terms and conditions of his probation and sentenced him to 180 days in county jail with credit for 160 days already served. On July 10, 2015, a contested hearing was held on the second petition. At the conclusion of the hearing, the trial court found that defendant had violated the terms and conditions of his probation and sentenced him to 30 days in county jail, to run concurrent to the 180-day sentence previously imposed.

---

[1] Further undesignated statutory references are to the Penal Code.

On July 13, 2015, a third petition for revocation of probation was filed, alleging that defendant had failed to report to the probation department after he was released from custody, and had tested positive for using methamphetamine. On July 15, 2015, defendant admitted to both allegations. On July 29, 2015, the trial court imposed the previously imposed but suspended sentence of two years in state prison, with credit for a total of 345 days in local custody.

Defendant filed a timely notice of appeal. Defendant's request for a certificate of probable cause was granted.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, June 21, 2016.

On July 27, 2016, defendant filed a one-page handwritten submission. By order dated August 2, 2016, we denied defendant's request to remove court appointed counsel and treated the remainder of his submission as a supplemental brief. Although not entirely clear, defendant's submission appears to contend that the trial court incorrectly calculated his custody credits. Defendant also requests assistance in making a *Romero* motion. (See *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.)

Having reviewed defendant's claims to the best of our ability, and undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. We do not see any error in the calculation of credits, and a *Romero* motion is inapplicable as defendant was neither charged with a prior strike nor admitted a prior strike as part of his plea. Consequently, we affirm the judgment.

3

## DISPOSITION

The judgment is affirmed.

/s/
_____
Duarte, J.

We concur:


/s/
_____
Raye, P. J.


/s/
_____
Nicholson, J.